Affirmed and Memorandum Opinion filed April 10, 2003














Affirmed and
Memorandum Opinion filed April 10, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00429-CR

____________

 

KELVIN DeWAYNE ISREAL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

_________________________________________________

 

On Appeal from
the 230th District Court

Harris County, Texas

Trial Court
Cause No. 891,575

 

_________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant
Kelvin DeWayne Isreal
challenges his aggravated robbery conviction alleging the evidence is factually
insufficient to identify him as the robber. 
We affirm.

                              I.  Factual and Procedural Background

            The complainant, Patricia Lomonaco, was robbed in a well-lit grocery-store parking
lot at approximately 1:00 a.m.  As she was retrieving her checkbook from the
glove compartment of her automobile on the passenger side of her car, a black
Ford Mustang pulled up behind her and a man got out of the car.  Before she could turn around, the robber hit
the back of her head, pushing her forehead into the door of her car.  The robber then turned her around, and with Lomonaco facing him, held a revolver to her head while
using his free hand to take things from her pockets and car.  

            As the robber ran back to the
Mustang with Lomonaco’s purse and items from her
pockets, Lomonaco was able to see the car’s
license-plate number and she made a conscious effort to remember it.   After the robber entered the passenger side
of the Mustang, it sped off and Lomonaco went into
the grocery store and asked people inside to call the police.  Inside the store, she lost consciousness
briefly, but a woman threw alcohol on her face and revived her before the
police arrived.  

            A sheriff was dispatched to the
scene at 1:06 a.m. and
arrived at 1:12 a.m.  Deputy Tellis spoke
with Lomonaco in the parking lot, and she was cooperative
and able to answer his questions.  She
described the robber and reported the license-plate number to Deputy Tellis as she remembered it.  Based on the complainant’s description,
Deputy Tellis put out an all-points bulletin for a
heavyset, black male, approximately five feet, eleven inches tall, 30–35 years
old.  The sheriff’s department identified
the owner of the black Mustang by tracing the license-plate number.  

            After interviewing the owner of the
Mustang, police identified appellant as a suspect.  Accordingly, they included his picture in a
photographic lineup they presented to Lomonaco a
couple of days after the robbery.  Lomonaco identified appellant as the robber in the
photographic lineup.  However, between
the night of the robbery and the time of the lineup, she was diagnosed with a
concussion and suffered some temporary memory loss.  At trial, Lomonaco
testified that two days after the robbery, she could not remember her own name or an address at which
she had lived for seventeen years.  But
she further testified the concussion did not cloud her memory of the robbery or
appellant.  She identified appellant as
the robber in open court.  

            A jury found appellant guilty of
aggravated robbery.  After appellant
pleaded true to two enhancement paragraphs, the jury assessed punishment at 27
years’ confinement in the Texas Department of Criminal Justice, Institutional
Division.

                            II.  Issue Presented and Standard of Review

            In his sole issue, appellant argues
the evidence is factually insufficient to sustain his conviction because only Lomonaco identified him as the robber, and she lost
consciousness after the attack and also suffered memory loss and a concussion.

            When evaluating a challenge to the
factual sufficiency of the evidence, we view all the evidence without the prism
of “in the light most favorable to the prosecution” and set aside the verdict
only if it is “so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.”  Johnson v. State, 23 S.W.3d 1, 6–7 (Tex. Crim. App. 2000).  This
concept embraces both “formulations utilized in civil jurisprudence, i.e., that
evidence can be factually insufficient if (1) it is so weak as to be clearly
wrong and manifestly unjust or (2) the adverse finding is against the great weight
and preponderance of the available evidence.”  Id. at
11.  Under this second formulation, the
court essentially compares the evidence which tends to prove the existence of a
fact with the evidence that tends to disprove that fact.  Jones
v. State, 944 S.W.2d 642, 647 (Tex. Crim. App.
1996).  In conducting the
factual-sufficiency review, we must employ appropriate deference so that we do
not substitute our judgment for that of the fact finder.  Id. at
648.  Our evaluation should not intrude
upon the fact finder’s role as the sole judge of the weight and credibility
given to any witness’s testimony.  Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).    


                                                                III.  Analysis

            Appellant contends the evidence is
factually insufficient to prove his identity as the robber for several reasons:
(1) only Lomonaco identified appellant as the robber
and she was unconscious shortly after the robbery, and suffered a concussion
and memory loss; (2) there were discrepancies between Deputy Lilly’s and Lomonaco’s accounts of the photograph lineup; (3) although Lomonaco told the deputy at the lineup, “that’s him, but it
doesn’t look like that head fits that big body,” there was not a lineup at
which Lomonaco could see the full body of each person
in the lineup; and (4) there was no fingerprint evidence identifying appellant
as the robber.[1]

            Although appellant raises factors
the jury could have weighed when considering the evidence in this case, the
record does not contain evidence that controverts Lomonaco’s
identification of appellant as the robber. 
See Palma v. State, 76 S.W.3d
638, 646 (Tex. App.—Corpus Christi 2002, pet. ref’d).  In conducting our review, we are mindful that
it is the jury’s province to weigh the credibility of a witness’s
identification testimony.  See Harvey v. State, 3 S.W.3d 170, 175
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  Lomonaco saw the
robber in a well-lit parking lot and testified her concussion did not affect
her memory of the robber or the events that occurred during the robbery.  The record corroborates this testimony
because the license-plate number she gave the police led to the black Mustang
used as the getaway car.  After police
spoke with the owner of the Mustang, they identified appellant as a
suspect.  At the photographic lineup, a
couple of days after the robbery, Lomonaco
independently identified appellant as the robber.  At trial, Deputy Lilly, who conducted the
lineup, classified Lomonaco’s identification of
appellant as positive rather than tentative because she was absolutely certain
appellant was the robber.

            Though there were discrepancies
between Deputy Lilly’s and Lomonaco’s account of the
lineup procedure, we defer to the jury’s determination of what weight to give
contradictory testimony.  See Johnson, 23 S.W.3d at 8.  Nonetheless, in conducting our factual
sufficiency review, we compare the evidence which tends to prove appellant was
the robber with the evidence that tends to disprove appellant was the robber,
and note the discrepancies are insufficient to render the jury’s verdict
manifestly unjust.[2]  Finally, although appellant complains that
there was not a lineup in which Lomonaco could see
the entire body of each lineup participant, at trial, appellant was asked to
stand, and Lomonaco made a positive in-court
identification of him based on his facial attributes and body size.  Lomonaco testified
that her in-court identification of appellant was based on her recollection of
the robbery and not on the photographic lineup.

            Having reviewed all of the evidence in
this case, we find the jury’s verdict is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.  See
Johnson, 23 S.W.3d at 6–7. 
Accordingly, we overrule appellant’s sole issue and affirm the trial
court’s judgment.      

 

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed April 10,
 2003.

Panel consists of Justices Yates,
Hudson, and Frost.

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 











            [1]  Appellant cites no authority for the
proposition that an officer’s failure to obtain fingerprints at a crime scene
renders a judgment factually insufficient. 
However, our consideration of this contention is subsumed in our
analysis of whether the jury’s verdict is manifestly unjust because our review
includes a review of all of the
evidence in the record.





            [2]  Lomonaco testified
there were nine photos in the lineup, she immediately identified appellant as
the robber, and  Deputy Lilly did not
give her any admonishments before she viewed the photospread.  By contrast, Deputy Lilly testified there
were six photos in the lineup, that he gave Lomonaco
admonishments on how to fairly assess the lineup, and that she identified
appellant after a two or three-minute process of elimination.  There is a copy of the photospread
in the record and it consists of six photographs.